IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

ANDREA JAMES,                              )
                                           )
              *Plaintiff*,                 )        CIVIL ACTION NO.: 4:18-cv-180
                                           )
       *v.*                                )
                                           )        **COMPLAINT**
ONLINE INFORMATION SERVICES,               )
INC.,                                      )        ***JURY TRIAL DEMANDED***
                                           )
              *Defendant*.                 )
                                           )

       Plaintiff Andrea James ("Plaintiff"), through undersigned counsel, hereby complains

against Defendant Online Information Services, Inc. ("Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from Defendant's violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.     Plaintiff is a natural person, who at all relevant times has resided in Kentucky.

5.     Defendant is a corporation doing business in the State of Kentucky, with its

corporate address as 685 W. Fire Tower Road, Winterville, North Carolina 28590, and is a "debt

collector" as the phrase is defined and applied under 15 U.S.C. § 1692(a) of the FDCPA in that it

regularly attempts to collect on debts primarily incurred for personal, family or household

purposes.

## FACTUAL ALLEGATIONS

6.     Defendant is collecting against Plaintiff for a consumer debt allegedly due and owing.

7.     The debt was incurred as a result of an internet and television package purchased for Plaintiff's personal use, and is therefore a "debt" as that term is defined within the FDCPA.

8.     To that end, on or about April 2018, Defendant sent Plaintiff its initial dunning letter.

9.     About seven days later, Plaintiff called to dispute the debt and ask for verification. On this call, Plaintiff invoked her dispute rights.

10.     On or about May 25, 2018, Defendant placed a trade line on Plaintiff's credit report in an attempt to collect the consumer debt.

11.     This credit reporting represents an impermissible collection activity.  Specifically, Defendant is required to cease all collection activity after receiving Plaintiff's dispute.

12.     On or about May 31, 2018, the debt validation was mailed.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

13.     Plaintiff repeats, realleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

14.     Defendant's collection attempts against Plaintiff violated the FDCPA.

15.     Section 1692g(b) provides:

**§ 1692g(b). Disputed Debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is**

2

**disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

WHEREFORE, Plaintiff prays that this Court grant her a judgment against Defendant for statutory and actual damages, costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted, this the 26th day of October, 2018.


s/ Chad Diamond
Chad Diamond, P.A.
3356 Maywood Dr.
Charlotte, NC 28205
(980) 225-2280 (p)
chad.diamond@gmail.com
*Attorney for Plaintiff Andrea James*

3

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, the foregoing was filed electronically with the

Clerk of Court via ECF and served upon Defendant via personal service at the below address:

Online Information Services, Inc.
685 W. Fire Tower Road
Winterville, NC 28590


s/Chad Diamond
Chad Diamond